UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ANNA L. HENDERSON,

                Debtor,
_____/

Case No. 11-49943
Chapter 7
Hon. Walter Shapero

DANIEL M. MCDERMOTT,

                Plaintiff,

v.

KAMILAH WALID,

                Defendant.
_____/

Adversary No. 11-06271

## OPINION REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT (DOCKET NOS. 20 & 25) AND CASE STATUS

Before the Court is an adversary proceeding brought by the United States Trustee ("Plaintiff") against Kamilah Walid ("Defendant") incident to her admitted role as a bankruptcy petition preparer ("BPP") in the chapter 7 bankruptcy of Anna Henderson ("Debtor"). Numerous, partial, overlapping, and repetitive filings are clearly hindering the timely adjudication of this matter. A parsing of the docket is therefore necessary in order to distinguish this Court's operative orders, the issues resolved thereby, and those that remain for trial.

In the complaint (Docket No. 1), Plaintiff claims that Defendant violated numerous subsections of 11 U.S.C. §§ 110, 526, & 528, and that the following remedies are consequently appropriate:

    (1)    Defendant's payment to Debtor of no less than $2,000;

(2) Defendant's payment to the Court of no less than $5,000;

(3) Defendant's payment to Plaintiff of no less than $500;

(4) Injunctive relief prohibiting Defendant from violating bankruptcy provisions governing BPPs; and

(5) Permanent enjoinment of Defendant from acting as a BPP or otherwise providing bankruptcy assistance to assisted people.

On December 14, 2011, Defendant filed a motion for partial summary judgment (Docket No. 20) based soley on the permanent enjoinment remedy. On January 11, 2012, Plaintiff filed his own motion for partial summary judgment (Docket No. 25) based only on the payment remedies to Debtor and Plaintiff and the injunctive relief remedy. Plaintiff made clear that the § 526(c) relief sought in the complaint was not the subject of his motion. (Not addressed by either motion was the remedy seeking payment to the Court.) A hearing was held on both motions on February 16, 2012, which resulted in the Court granting Plaintiff's desired injunctive relief and taking under advisement the remaining matters.

On March 27, 2012, Plaintiff filed his second motion for summary judgment (Docket No. 38); this time seeking judgment on the permanent enjoinment issue and the § 526(c) payment remedies to Debtor and Plaintiff. (Once again, the remedy seeking payment to the Court was not addressed.) Defendant failed to timely respond. Plaintiff accordingly filed a certificate of non-response (Docket No. 39), and an order followed (Docket No. 40) on April 23, 2012, (1) permanently enjoining Defendant from acting as a BPP and otherwise providing bankruptcy assistance to assisted people and (2) requiring Defendant to pay $5,000 to Plaintiff. Defendant filed two motions thereafter to vacate the order (Docket Nos. 41 & 74), and the Court denied both (Docket Nos. 68 & 79). A third is presently pending before the Court (Docket No. 86).

Three of the five remedies sought by Plaintiff had been granted after entry of said order: injunctive relief against future proscribed conduct, permanent enjoinment, and required payment to Plaintiff of $5,000. The only matters left thereafter pertained to whether Defendant should be found liable to Debtor and the Court and, if so, to what extent. The former matter is a question still under advisement in Plaintiff's first dispositve motion. The latter remains untouched and apparently preserved for trial.

As for that former matter, the Court hereby rules in favor of Plaintiff and his § 110(i)(1)(B) argument, and finds that Defendant is required to pay $2,000 to Debtor. Section 110(i) provides: "(1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the . . . United States trustee . . . the court **shall** order the bankruptcy petition preparer to pay to the debtor– . . . (B) the greater of $2,000; or . . . ." (Emphasis added.) There is no question based on the record that Defendant's proscribed conduct subjects her to § 110(i)(1)(B). Defendant concedes as much. She argues, however, that the statute is discretionary; that the Court should exercise that discretion, given her alleged remedial efforts; and that Debtor should be awarded not more than one dollar. Defendant advances her argument in reliance on In re Boyce, 317 B.R. 165 (Bankr. D. Utah 2004). Plaintiff is correct in that Boyce is neither controlling nor should be considered convincing here. This Court and others in the Eastern District of Michigan have repeatedly recognized § 110(i)(1)(B) as being compulsory, not discretionary. See, e.g., Hills v. McDermott (In re Wicker), 2012 U.S. Dist. LEXIS 22231, at *7-8 (E.D. Mich. 2012) (O'Meara, J.), aff'g 2008 Bankr. LEXIS 2978, at *15-16 (Bankr. E.D. Mich. 2008) (Shefferly, C.J.); In re Cason, No. 11-41480, slip op. at 6-7 (Bankr. E.D. Mich. 2011) (this Court); In re Warfield, No. 09-75993, slip op. at 9 (Bankr. E.D. Mich. 2010) (this Court). The statute states

that "the court *shall* order the [BPP] to pay the debtor . . . ." (Emphasis added.) As Plaintiff only seeks to have Defendant pay to Debtor the required $2,000 minimum, it is that amount the Court so orders Defendant to pay.

The only triable issue left from hereafter pertains to whether Defendant should pay some to the Court. An order is being entered contemporaneously which so indicates, and the parties should proceed accordingly.

**Signed on September 21, 2012**

                 **/s/ Walter Shapero**
               **Walter Shapero**
               **United States Bankruptcy Judge**